Ronald A. Valenzuela (State Bar No. 210025)
ronald.valenzuela@lathropgpm.com
LATHROP GPM LLP
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Tel: (310) 789-4600
Fax: (310) 789-4601

Luke M. Meriwether*
luke.meriwether@lathropgpm.com
Timothy J. Hadachek*
timothy.hadachek@lathropgpm.com
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Tel: (816) 292-2000
Fax: (816) 292-2001
(*Pro Hac Vice forthcoming)

*Attorneys for Plaintiff Offspring A/S*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFFSPRING A/S<br><br>            Plaintiff,<br><br>vs.<br><br>WHEAT HOLDINGS LLC.<br>            Defendant. | Case No. 2:25-cv-1210 _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION AND PETITION FOR CANCELLATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Offspring A/S, ("Offspring") alleges as follows against Defendant Wheat Holdings, LLC ("Defendant"):

## INTRODUCTION

1.    Offspring seeks preliminary and permanent injunctive relief and monetary damages for Defendant's acts of trademark and/or service mark infringement and unfair competition. Offspring further seeks cancellation of Defendant's federally registered trademark based on a likelihood of confusion. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") and the laws of the state of California, including the common law.

2.    Offspring is the owner of U.S. Trademark Registration No. 4010981 for the standard character mark WHEAT (the "Offspring WHEAT Mark"), which has become distinctive through Offspring's extensive and continuous use and promotion of the mark in commerce throughout the United States and California for more than fifteen years in connection with clothing goods in Class 25.

3.    Defendant has used and continues to use a confusingly similar mark, namely "Wheat" (the "Accused Mark," described below) in connection with its own clothing goods in violation of Offspring's exclusive rights in the Offspring WHEAT Mark for the same or related goods. Defendant has done so with knowledge of the Offspring WHEAT Mark and in willful violation of Offspring's exclusive rights in the Offspring WHEAT Mark.

4.    As a result of Defendant's unlawful acts, Offspring has suffered, is suffering, and unless these unlawful acts are preliminarily and permanently enjoined by the Court, will continue to suffer immediate and irreparable injury to its business, reputation, and goodwill for which there is no adequate remedy at law. Offspring is therefore entitled to preliminary and permanent injunctive relief, as well as monetary damages, costs, and attorney's fees, as detailed below.

**PARTIES**

5.      Offspring is a Danish company with a principal place of business in Denmark.

6.      Defendant is a New Hampshire limited liability company with a principal place of business of 73 Perkins Road, Madbury, New Hampshire, 03823. Defendant also has a physical retail store located at 1910 Ocean Way, Santa Monica, CA 90403.

7.      On information and belief, Defendant uses the Accused Mark in connection with the sale of clothing goods and thus are responsible for the acts of infringement and unfair competition described below.

**JURISDICTION AND VENUE**

8.      The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1119, 1121(a), 28 U.S.C. §§ 1331, 1338, and 1367(a). The Court has original subject matter jurisdiction over Counts I, II, and V pursuant to 15 U.S.C. §§ 1119, 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental subject matter jurisdiction over Counts III and IV pursuant 28 U.S.C. § 1367(a); these claims are so related to Counts I, II, and V over which the Court has original subject matter jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Defendant is subject to this Court's specific and general personal jurisdiction under the principles of due process, because on information and belief, Defendant's maintains a physical storefront under the Accused Mark in this district, Defendant committed the wrongful acts identified in this Complaint in this District and in the state of California, and regularly conducts and solicits business, engages in other persistent courses of conduct and derives substantial revenue from the sale of goods to persons and entities in this District and in the state of California.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Offspring's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## OFFSPRING AND ITS TRADEMARK

11.    Offspring, operating under the name "Wheat Kids Clothing" in North America, is a leading international brand offering children's clothing and related products to retail customers.

12.    Offspring owns U.S. Trademark Registration No. 4010981 (the "Offspring Registration") for the standard-character mark WHEAT. The Offspring Registration claims a variety of goods, including in International Class 25:

> Clothing, namely, pants, shirts, skirts, gloves, jackets, coats, jumpers, body stockings, pyjamas, bathing suits, tops, underwear, t-shirts, dresses, belts, jump suits, leggings, polo shirts, rain wear, shorts, sleepwear; footwear; headgear, namely, caps, hats, hoods, rain hats; scarfs; clothing, footwear and headgear for children and babies, namely, baby bibs, baby bodysuits, aprons, pyjamas, bathing suits, tops, underwear, pants, shirts, skirts, gloves, jackets, coats, jumpers, body stockings, pyjamas, bathing suits, tops, underwear, t-shirts, dresses, belts, jump suits, leggings, polo shirts, rain wear, shorts, sleepwear, infant wear; caps, hats, hoods, rain hats; Infants' shoes and boots; scarfs for children and babies

A copy of the Offspring Registration is attached as **Exhibit 1**.

13.    Offspring's WHEAT clothing was first offered in Denmark in 2002, and since then has expanded to be sold in over 45 countries, including in the United States since at least as early as 2010.

14.    Offspring offers Wheat clothing through online channels like wheatkidsclothing.com and wheat.eu.

15.    Offspring's Wheat clothing products are also sold throughout the United States in retailers like Nordstrom.

16.    Offspring's WHEAT brand for children's clothing is widely admired for its timeless designs, high-quality materials, and sustainable business practices. The brand has won numerous awards for its products, including, most recently, Gold in the 2024 Junior Design Awards for Best Eco Children's Fashion Brand, and is thus a distinctive identifier of Offspring and its goods internationally and in the United States.

### DEFENDANT AND THE ACCUSED MARK

17.    On information and belief, Defendant offers clothing and related goods to customers in the United States.

18.    Defendant advertises its services on its website www.thewheatcollection.com.

19.    On information and belief, Defendant displays the standard character mark WHEAT (the "Accused Mark"), in promotional materials and on the aforementioned website as well as on associated social media pages. Defendant therefore uses the Accused Mark in connection with clothing, including clothing for children, and related goods.

20.    Defendant is listed as the owner of United States Trademark U.S. Trademark Registration No. 6042134 (the "'134 Registration), registered on the principal register in 2020, for the following services in class 35:

> Retail store services featuring stationery, books, eyewear, jewelry, candles, cosmetics, perfumery, accessories for bed and bath, and housewares

A copy of the certificate evidencing the Registration is attached as **Exhibit 2**.

21.    Defendant filed the application that matured into the Registration No. 6042134—Application Serial No. 88633906—October 1, 2019, under § 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), alleging first use of the Accused Mark in

commerce in May 2017. A copy of Application Serial No. 88633906 and the supporting specimen are attached collectively as **Exhibit 3**.

22.    In support of Application Serial No. 88633906, Defendant submitted a specimen of use in which the only goods displayed were clothing, despite that clothing sales were not claimed in the services submitted with the application. Nor did the specimen display any of the other "retail store services" claimed by the application.

23.    The Accused Mark is confusingly similar in appearance, sound, meaning, and commercial impression when compared to the Offspring WHEAT Mark. The dominant component of each of these marks— the word "wheat"—is identical.

24.    Defendant's use of the Accused Mark in connection with the sale of clothing has caused, and unless enjoined by the Court, is likely to continue to cause confusion, mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Offspring and Defendant, or as to the origin, sponsorship, or approval of the parties' goods/services.

25.    As a further result of Defendant's use of the Accused Mark in commerce, consumers familiar with Offspring and its clothing products sold, offered for sale, and marketed under the Offspring WHEAT Mark are likely to purchase and/or associate goodwill to Defendant based on the erroneous assumption that Defendant's goods/services are provided, authorized, sponsored, or endorsed by, or in some manner associated with Offspring, both at and after the point of sale.

26.    As a further result of Defendant's use of the Accused Mark in commerce, Offspring is hindered in its ability to control its goodwill and reputation, and the value of the Offspring WHEAT Mark as an identifier and symbol of Offspring's goodwill and reputation is diminished.

27.     Defendant's use of the Accused Mark in commerce is without license or other authorization from Offspring

28.     The confusion, mistake, and deception described above has caused and, unless Defendant's unlawful actions are enjoined by the Court, will continue to cause substantial and irreparable harm to Offspring and its business, reputation, and goodwill for which there is no adequate remedy at law.

29.     On information and belief, Defendant was aware of Offspring's use of the Offspring WHEAT Mark and/or the Offspring Registration at least as early as October 1, 2019, the date on which it filed Application Serial No. 88633906.

30.     On information and belief, despite having full knowledge of Offspring's rights in the Offspring WHEAT Mark, Defendant has persisted in using the Accused Mark in commerce, has continued to infringe Offspring's exclusive rights in the Offspring WHEAT Mark, has continued to engage in unfair competition.

31.     Defendant's infringement and unfair competition is thus intentional, willful, and malicious.

## <u>COUNT I</u>

### Federal Trademark Infringement – 15 U.S.C. § 1114

32.     Offspring realleges and incorporates by reference all preceding allegations as though set forth in full here.

33.     Offspring is the owner of U.S. Trademark Registration No. 4010981 for the standard character mark WHEAT for, generally, "[c]lothing" in International Class 25.

34.     Defendant uses the confusingly similar Accused Mark in connection with its clothing products.

35.     The Accused Mark is confusingly similar to the registered Offspring WHEAT Mark in sound, appearance, meaning, and commercial impression.

36.     Defendant's use of the Accused Mark in connection with clothing products is likely to cause confusion, mistake, or deception of the public as to the source or sponsorship of the goods, or as to an affiliation between the parties.

37.     The relevant public is likely to confuse Defendant's goods/services offered under the Accused Mark with Offspring's goods/services offered under the registered Offspring WHEAT Mark, thereby resulting in damage and injury to Offspring.

38.     These acts constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C § 1114.

39.     Defendant's actions described above are willful, intentional, and malicious.

40.     Because of Defendant's unlawful acts, Offspring has suffered and will continue to suffer damage to its business reputation and goodwill, for which Offspring is entitled to relief.

41.     As another result of Defendant's unlawful acts, Defendant has caused, is causing, and, unless enjoined by the Court, will continue to cause irreparable harm to Offspring for which there is no adequate remedy at law, and for which Offspring is entitled to injunctive relief.

## COUNT II

### Federal Unfair Competition – 15 U.S.C. § 1125(a)

42.     Offspring realleges and incorporates by reference all preceding allegations as though set forth in full here.

43.     Offspring is the owner of the Offspring WHEAT Mark and has used this mark continuously in commerce in the United States for at least fifteen years in connection with the sale, offer for sale, marketing, advertising, and promotion of its clothing products.

44.    Offspring's use of the Offspring WHEAT Mark in commerce has priority over and precedes Defendant's use of the Accused Mark.

45.    Defendant has used and continues to use the confusingly similar Accused Mark in connection with its own clothing products.

46.    The Accused Mark is substantially similar in appearance, sound, meaning, and commercial impression when compared to the Offspring WHEAT Mark. The dominant component of each of these marks—the word "wheat"—is identical.

47.    Defendant's use of the confusingly similar Accused Mark in connection with its clothing products has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Defendant and Offspring, and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

48.    Defendant's use of the Accused Mark in connection with clothing products constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

49.    Defendant's unlawful acts described above have caused, and unless enjoined by the Court, will continue to cause substantial and irreparable harm to Offspring and its business, reputation, and goodwill for which there is no adequate remedy at law.

50.    Defendant's unlawful acts described above are intentional, willful, and malicious.

51.    Offspring is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendant's profits, enhanced profits, and damages, costs, and attorney's fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT III

## Common-Law Trademark Infringement

52.    Offspring realleges and incorporates by reference all preceding allegations as though set forth in full here.

53.    Offspring is the owner of the Offspring WHEAT Mark and has used this mark continuously in commerce, including in the state of California, for at least fifteen years in connection with the sale, offer for sale, marketing, advertising, and promotion of its clothing products.

54.    Offspring's use of the Offspring WHEAT Mark in commerce has priority over and precedes Defendant's use of the Accused Mark.

55.    Defendant's use of the confusingly similar Accused Mark in connection with its clothing products has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Defendant and Offspring, and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

56.    Defendant's use of the confusingly similar Accused Mark in connection with clothing products in commerce constitutes trademark and/or service mark infringement in violation of the common law of the state of California.

57.    Defendant's unlawful acts described above are intentional, willful, and malicious.

58.    Offspring is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendant's profits, enhanced profits, and damages, costs and attorney's fees.

## COUNT IV

## Common-Law Unfair Competition

59.    Offspring realleges and incorporates by reference all preceding allegations as though set forth in full here.

---

60.     Offspring is the owner of the Offspring WHEAT Mark and has used this mark continuously in commerce, including in the state of California, for at least fifteen years in connection with the sale, offer for sale, marketing, advertising, and promotion of its clothing products.

61.     Offspring's use of the Offspring WHEAT Mark in commerce has priority over and precedes Defendant's use of the Accused Mark.

62.     Defendant's use of the confusingly similar Accused Mark in connection with its clothing products has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Defendant and Offspring, and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

63.     Defendant's use of the confusingly similar Accused Mark in connection with clothing products in commerce constitutes unfair competition in violation of the common law of the state of California.

64.     Defendant's unlawful acts described above are intentional, willful, and malicious.

65.     Offspring is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendant's profits, enhanced profits, and damages, costs and attorney's fees.

## COUNT V

### Cancellation of U.S. Registration No. 6042134 – 15 U.S.C. §1119
### (Likelihood of Confusion)

66.     Offspring realleges and incorporates by reference all preceding allegations as though set forth in full here.

67.     Offspring's use of the Offspring WHEAT Mark has priority over and precedes Defendant's use of the Accused Mark, including the mark represented by the '134 Registration.

68.    The Accused Mark so resembles the Offspring WHEAT Mark as to be likely, when used in connection with goods/services that are identical or closely related to clothing products offered by Offspring under the Offspring WHEAT Mark, to cause consumer confusion, mistake, and/or deception under § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), and to falsely suggest a connection between Offspring and Defendant under § 2(a) of the Lanham Act, 15 U.S.C. § 1052(a).

69.    The Accused Mark is identical in sound, appearance, meaning, and commercial impression when compared to the Offspring WHEAT Mark. Indeed, the dominant and source-identifying feature of both parties' marks—the word "wheat"—is identical. Accordingly, the Accused Mark is the same as or a close approximation to the Offspring WHEAT Mark and is likely to be recognized as such by consumers.

70.    The Accused Mark is, will be, or could be used by Defendant in connection with services— the Class 35 services described in paragraph 20 above— that are identical or closely related to clothing products offered by Offspring under the Offspring WHEAT Mark.

71.    Defendant's Class 35 services contain no limitation as to their nature, type, channels of trade, or class of purchasers, and it is thus presumed that these services are, will be, or could be offered or advertised by Defendant through the same channels of trade and to the same consumers as the clothing products offered by Offspring under the Offspring WHEAT Mark.

72.    If Defendant is permitted to retain the '134 Registration, consumer confusion, mistake, and/or deception under § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), is likely to result due to the similarity of Accused Mark and the Offspring WHEAT Mark and the similarity of the goods/services provided by Defendant and Offspring under their respective marks. Persons familiar with Offspring and its clothing products marketed under the Offspring WHEAT Mark would be likely to

purchase and/or attribute goodwill to Defendant's similar goods/services marketed under Accused Mark based on the erroneous assumption that Defendant's goods/services are provided, authorized, sponsored, or endorsed by, or in some manner associated with, Offspring's goods/services. Further, such persons would be likely to associate any defect, objection, or fault found with Defendant's goods/services marketed under the Accused Mark with Offspring's clothing products marketed under the Offspring WHEAT Mark. Any such confusion, mistake, or deception inevitably would result in the wrongful appropriation and/or tarnishment of Offspring's valuable goodwill associated with the Offspring WHEAT Mark, causing damage and injury to Offspring

73.    Additionally, if Defendant is allowed to retain the '134 Registration, consumers are likely to falsely associate some connection between Defendant and Offspring, in violation of § 2(a) of the Lanham Act, 15 U.S.C. § 1052(a). The Accused Mark is the same as or a close approximation to the name and identity of Offspring. The Accused Mark—and especially the words "wheat"—points uniquely and unmistakably to Offspring when used in connection with clothing goods/services. As a result of Offspring's continuous use of the Offspring WHEAT Mark throughout the United States and internationally in connection clothing products for at least fifteen years, consumers have come to view the word "wheat" as pointing uniquely and unmistakably to Offspring when used in connection with goods/services of this type. Thus, consumers will erroneously assume that the Accused Mark, when used in connection with goods/services identical or similar to those offered by Offspring, has some connection with Offspring.

74.    In fact, no connection whatsoever exists between Defendant and Offspring, and any such connection assumed by consumers would be incorrect. Neither party has any ownership interest in the other, and neither party has ever endorsed or sponsored the other.

75.     Moreover, if Defendant is permitted to retain the '134 Registration, further damage and injury to Offspring would result, as Defendant would continue to possess at least a prima facie exclusive right to use the Accused Mark for Class 35 services.

76.     For all the foregoing reasons, Offspring has been and will continue to be irreparably harmed by the '134 Registration for Class 35 services.

77.     Offspring thus requests that this court exercise its authority under 15 U.S.C. § 1119 to cancel U.S. Trademark Registration No. 6042134.

## **REQUEST FOR RELIEF**

WHEREFORE, Offspring requests a judgment against Defendant as follows:

(a)     A judgment that Defendant has engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the state of California;

(b)     A judgment that Defendant has infringed the Offspring WHEAT Mark in violation of 15 U.S.C. § 1114 and the common law of the state of California;

(c)     A preliminary and permanent injunction restraining Defendant, its officers, directors, principals, employees, agents, attorneys, representative, affiliates, and all persons in active concert or participation with one or more of them, from further use of the Accused Mark or any other mark that incorporates, is identical to, or is otherwise confusingly similar to the Offspring WHEAT Mark in connection with clothing products;

(d)     An award of all monetary damages to which Offspring is entitled by law for Defendant's past and continuing infringement and unfair competition, including the greater of three times Defendant's profits or three times any damages sustained by Offspring on account of Defendant's unlawful acts described above;

(e)     An award of Offspring's costs incurred in bringing and prosecuting this action;

(f)     A finding that this is an exceptional case under 15 U.S.C. § 1117(a) and an award of Offspring's attorneys' fees incurred in bringing and prosecuting this action;

(g)     An assessment of pre- and post-judgment interest on the damages awarded; and

(h)     Cancellation of U.S. Trademark Registration No. 6042134.

(i)     Any other and further relief that the Court deems just and proper.

### JURY TRIAL DEMAND

Under Fed. R. Civ. P. 38(b), Offspring hereby demands a jury trial on all issues so triable.

Dated: February 12, 2025                    Respectfully submitted,

                                            LATHROP GPM LLP

                                            By: */s/ Ronald Valenzuela*

                                            *Attorneys for Plaintiff*